Luis Serrano, Plaintiff and Appellant, *v.* Porto Rican & American Insurance Co., Defendant and Appellee.

No. 4318. Argued December 9, 1929.—Decided March 19, 1930.

R. *Arjona Siaca,* for appellant. *Salvador Suau* and *F. Prieto,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

The court below sustained a demurrer to a complaint in an action on an accident insurance policy, and dismissed the action. The theory of the demurrer and of the district judge was that the complaint did not state facts sufficient to constitute a cause of action in that it did not disclose any contractual relation between plaintiff and defendant.

Plaintiff alleged that while driving a certain automobile, the property of Doña María Isabel Landrón, he struck and injured Emma Sanabria, a child of six years; that the owner of the car promptly notified defendant of the accident and gave a detailed account thereof in the form of a written

statement signed by plaintiff; that the automobile driven by plaintiff at the time of the accident was insured by defendant to the amount of five thousand dollars against all damage and loss that might be occasioned by the use of said vehicle, arising out of personal injuries or death resulting therefrom and sustained by one person only, during the life of the policy; and that according to the terms of the said policy the insurance evidenced thereby would inure to the benefit of any person who might be riding in the said automobile as well as to that of any person, firm or corporation responsible for the operation thereof.

The complaint also showed that the child Emma Sanabria had obtained a judgment against plaintiff herein for damages in the sum of five thousand dollars and costs. The demurrer as submitted and disposed of in the court below was not addressed to this aspect of the cause of action.

In July of last year the judgment of dismissal was affirmed by a divided court. In November this court of its own motion ordered a rehearing and the case was re-argued in December.

The only question not raised in the court below and suggested in the original brief for appellee is that the complaint contains no averment that the policy was in force at the time of the accident. The accident is alleged to have occurred on November 28, 1926. Plaintiff also alleges that the policy was issued to run from January 8, 1926 at 12 P. M. until the same hour on January 8, 1927, and that it had not been canceled nor terminated during such period, nor theretofore, nor at the time of the accident nor thereafter. It is a fair inference from this averment, that the policy was in force at the time of the accident.

The policy in question is not before us, and the facts alleged in the complaint are admitted by the demurrer. It may be that the contract of insurance described in the complaint is unusual, but it is not invalid. (See sections 1222 and

1224 of the Civil Code and section 51 of the Code of Civil Procedure.)

At the present stage of the proceedings the cases of *Vélez* v. *Martínez et al.*, 35 P.R.R. 506 and *Castillo* v. *Caribbean Casualty Company*, 37 P.R.R. 379, are not in point.

The only doubt that remains in the mind of any member of the majority as now constituted goes to a question not raised by appellee in this court nor in the court below. This court, of course, has the right of its own initiative to challenge the sufficiency of the complaint at any time. Ordinarily, however, it is preferable that such question be left open until passed upon by a district court or at least until developed by the argument of counsel. In the case at bar we assume that the insurance company, when it based its demurrer on the specific ground already indicated, intended to waive for the time being other possible objections to the sufficiency of the complaint.

The judgment appealed from will be reversed, the demurrer overruled and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Texidor, dissenting.

Luis Serrano filed in the District Court of San Juan a complaint, in which the following was textually alleged:

"1. At about five o'clock on the afternoon of November 28, 1926, while the plaintiff was driving an automobile of the Essex make, bearing private license plate No. 7643, on Guadalupe street, Ponce, P. R., in the direction of the Club Deportivo of Ponce, he struck and injured Emma Sanabria, a child of about six years of age.

"2. At the time of the accident the plaintiff was the only person riding in the automobile and responsible for its operation.

"3. On December 4, 1926, Doña María Isabel Landrón, of Ponce, P. R., owner of the said automobile gave written notice of the accident to the Porto Rican & American Insurance Co., which is a corporation organized under the corporation laws of the island and engaged in the business of automobile insurance, which notice was given by the aforesaid María Isabel Landrón in the form of a written

instrument, signed by the plaintiff, wherein all the details of the accident and of the insurance of the automobile were set forth.

"4. In fact, the automobile driven by the plaintiff at the time of the accident was insured by the said insurance corporation Porto Rican & American Insurance Co., defendant herein, under a policy whereby the said defendant corporation bound itself to pay, up to the amount of $5,000, United States currency, for all damages and loss that might be occasioned by the use of said vehicle, arising out of personal injuries or death resulting therefrom and sustained by one person only, during the life of the policy, it being a condition of the said policy that the insurance evidenced thereby would inure to the benefit of any person who might be riding in the said automobile as well as to that of any person, firm or corporation responsible for the operation thereof.

"5. The policy evidencing the insurance of the said automobile was issued to run from January 8, 1926, at 12 P. M. until the same hour on January 8, 1927, and it has not been canceled nor terminated during such period, nor theretofore, nor at the time of the accident, nor thereafter, the defendant having undertaken the obligation above stated by virtue of the payment of the premium or consideration which the defendant corporation has collected and retained for its benefit.

"6. On January 12, 1927, the said Emma Sanabria, represented by her legitimate father, Eustaquio Sanabria, filed in the District Court of Ponce civil suit No. 1375, to recover from the plaintiff herein the sum of $9,000.00, United States currency, as damages sustained by her in consequence of the accident described in the complaint filed by her and which is the same accident mentioned in the first paragraph of the complaint herein.

"7. On March 4, 1927, the District Court of Ponce rendered a judgment in the said suit whereby the plaintiff herein, Luis Serrano, was adjudged to pay to the plaintiff in that suit, Emma Sanabria, the sum of $5,000.00, United States currency, as damages arising from the said accident, and the costs of the suit.

"8. The defendant is covered by the insurance policy issued and delivered by the Porto Rican & American Insurance Co., as above set forth more in detail."

He prayed that the defendant be adjudged to assume liability for the payment of the said sum of $5,000, together with the costs of both actions.

To the above complaint a demurrer for lack of facts sufficient to constitute a cause of action was interposed. The demurrer was sustained and a judgment of dismissal entered accordingly. Against that judgment the present appeal has been taken.

Two assignments of error have been made by the appellant. Practically they may be reduced to one. They are formulated as follows:

"*First.* The lower court erred in sustaining the demurrer filed by the defendant on the ground of lack of facts sufficient to constitute a cause of action.

"*Second.* The lower court erred in rendering judgment against the plaintiff and appellant in this case."

It is urged by the appellant that the error of the court below consisted in concluding that, as the plaintiff was not a party to the insurance contract made between the defendant and the owner of the automobile, the plaintiff could not sue on that contract.

This point is argued by the appellant taking as a basis the contrast existing between the applicable common law doctrine and that which prevails in the various States of the Union, where the former has been repudiated. It is stated that at common law it was an established rule that one not a party to the contract could not maintain an action on such contract, but that the contrary rule has been adopted by the jurisprudence and the code legislation, citing *Austin* v. *Seligman,* 18 Fed. 519, where, with reference to that doctrine, the court said:

"Neither in these decisions, nor elsewhere in this country, has the English rule been recognized."

Numerous decisions are then cited by the appellant, especially from the state of California.

Let us concentrate upon the situation in this case.

There is no doubt that in most of the states the English doctrine has been rejected, either by the jurisprudence or by

the codes; and in those states the courts have followed their own cases or the local codes.

We see no reason why we should not adopt a like procedure in this jurisdiction. Having, as we do, a clear and definite statute, it would seem superfluous for us to seek in the jurisprudence or legislation of other states a solution which is already found in ready form in our statutory law or the adjudicated cases.

Our Civil Code contains section 1224, the second paragraph of which reads as follows:

"Should the contract contain any stipulation in favor of a third person, he may demand its fulfillment, provided he has given notice of his acceptance to the person bound before it may have been revoked."

It would seem useful, if not necessary perhaps, to review here the decisions in which the above quoted provisions have been construed.

In *Gelabert et al.* v. *Sánchez,* 26 P.R.R. 592, 594–595, citation was made of the said section 1224 and of a commentary of Manresa on the corresponding section of the Spanish Civil Code (Art. 1257), as follows:

"Until the moment of acceptance the stipulations can be changed and even repudiated by the mutual agreement of the real contracting parties. After acceptance a third person is involved who acquires a right which can not be modified or extinguished without his consent, he acquiring the right also to defend the validity of the contract even against the other interested parties. 8 Manresa, Spanish Civil Code, 616."

In *Heirs of Orcasitas* v. *A. M. Somoza et al.,* 31 P.R.R. 592, 598, it was said:

"The facts of the case can not be considered as coming within section 1224 of the Civil Code which provides that if a contract contain any stipulation in favor of a third person, he may demand its fulfillment, provided he has given notice of his acceptance to the person bound before it may have been revoked, for between Josefa Orcasitas and Successors of Orcasitas & Company there was no

contract or stipulation in favor of José Ramón Orcasitas and because in any event it was not proved that the latter gave notice of his acceptance to the said firm, and, therefore, Josefa Orcasitas could revoke, as she did, the instructions which she had given to the said firm, as was held in the case of Gelabert v. Sánchez, 26 P.R.R. 592.''

The case of *Castillo* v. *Caribbean Casualty Co.*, 37 P.R.R. 379, has some analogy with the case herein. The opinion in the cited case reads in part as follows '(pp. 380–381):

''The case is very simple. The parties complicate it. A judgment against the defendant could not be recovered, for there is no contractual relation whatever between the defendant and the plaintiff. It is true that the insurance was to cover accidents that might be caused by the insured automobile, but it was insured by the owner with the company so as to relieve him of any liability. Here no action was brought originally against the owner nor was any judgment rendered against him for which the insurance company should be liable. It does not matter that Martínez was the chauffeur of Sosa, for he was sued personally and the judgment was rendered solely against him. Sosa had no opportunity to defend himself nor had the company an opportunity to defend him in defending itself. Castillo chose Martínez as the only liable party and Martínez was not protected by the policy of the Caribbean Casualty Co. The policy protected Sosa against any liability incurred by him through any accident caused by his automobile. And here, we repeat, no liability whatever on the part of Sosa has been shown. It is incomprehensible that the complaint should have been brought against Martínez only if Martínez was the chauffeur of Sosa and was acting within the scope of his employment. The only explanation for the manner of bringing the first action, having in mind the second one, is that the owner of the automobile was not in it when the accident happened and the purpose was thus to elude the application of the law and the repeated jurisprudence of the Supreme Court on that point, freeing from liability the owner and therefore the insurance company. It was sought to reach the company over the head of the owner on the strength of a judgment against his chauffeur, but such practice finds no support either in the law or in the jurisprudence. Contracts, according to section 1224 of the Civil Code, shall only be valid between the parties who execute them and their heirs.

''It is only when the contract contains a stipulation in favor of a third person that he may demand its performance, and even then,

according to the same statute, provided he has given notice of his acceptance to the person bound before it may have been revoked. In the present case there was no express stipulation whatever in favor of the plaintiff, nor an implied one unless Sosa had been sued. Martínez without Sosa, or the chauffeur independently of the owner, is not legally related to the company. Nor the automobile without the owner."

The acceptance by the third person in whose favor a right is created is indispensable. The reason for this is elementary. An offer and its acceptance are prerequisites before the consent can arise; if either of these elements is lacking, the contractual consent does not come into life in contemplation of the law. Consequently no contract exists and, therefore, the action to enforce it is also non-existent.

We find the same doctrine in the codes which are similar to ours. The Civil Code of Louisiana contains the following sections:

"1890.—A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.

"1902.—But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent."

In the jurisprudence of Spain prior to the enactment of the Civil Code, we find the holding that a person who stipulates for an obligation contracted with another in favor of a third person is bound to fulfill the same, provided the subsequent acceptance by the person in whose favor such obligation was constituted is shown.

In commenting on Art. 1257 of the Spanish Civil Code, which is the same as section 1224 of our code, Scaévola says:

"(c) Acceptance by the third person of the stipulation made in his favor.—This is an essential element, giving rise to the juridical relation. It would be of no avail that the parties, the subscribers

to the contract, should stipulate some right, or some obligation, as the case might be, in favor or against, a third person; the latter would be an outsider, entirely foreign to the agreement, whose effects, whether advantageous or not, would not reach him. Not without purpose does the code use the conditional expression 'provided', equivalent to 'in case', that is, if the third person accepts; otherwise not."

It should be noted that the phrase used by the code is more precise than what that commentator thought. It is not enough that the third person should accept, but it is required that he should make his acceptance known to the person bound.

In the complaint herein it is not alleged either that Luis Serrano accepted the benefit of the policy, or that he notified such acceptance to the defendant. It is alleged that the plaintiff is covered by the insurance policy; but this is nothing more than a legal conclusion which, in a proper case and in the light of the facts and the evidence, it would be incumbent upon the court to reach. We are not bound to accept such a conclusion as a fact.

The issue as to the existence or inexistence of a contrac- tual relation between the plaintiff and the defendant was raised by the appellee in this case. But even if it had not been so raised, the broad character of the demurrer would justify us in considering this aspect of the case on appeal.

In my view, the demurrer was properly decided.

For the foregoing reasons the judgment appealed from should be affirmed.

I am authorized to state that Mr. Justice Aldrey concurs in this opinion.